UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY SCOTT TENNANT,

    Plaintiff,

v.                                              Case No. 08-C-0148

STATE OF WISCONSIN, et al.,

    Defendants.

**ORDER**

The plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $350.00 in full for this action. 28 U.S.C. § 1915(b)(1). *In forma pauperis* status, if granted, allows the prisoner to pay the filing fee in increments. *See* 28 U.S.C. § 1915(b).

Under § 1915(b)(1), the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or the average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater.

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. The agency having custody of the prisoner will collect the money and send payments to the court. 28 U.S.C. § 1915(b)(2).

The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). A review of this statement reveals that the average monthly deposit into the plaintiff's prison account was $127.28 and the average monthly balance for the six-month period immediately preceding the filing of the instant complaint was $53.66. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(B), the plaintiff is required to pay an initial partial filing fee of $25.46 (twenty percent of $127.28).

The plaintiff shall pay the initial partial filing fee of $25.46 to the clerk of this court within twenty-one days of the date of this order. Failure to pay the initial partial filing fee within the time specified will result in dismissal of this matter, possibly with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41.3 (E.D. Wis.).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this order or wish to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g), you must notify the court by writing a letter to the clerk of court within twenty-one days of the date of this order, stating

that you wish to voluntarily dismiss this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

If, however, you simply do not pay the initial partial filing fee within the period set forth in this order, this case may be dismissed with prejudice, and you will still be required to pay the entire $350.00 filing fee. A dismissal for failure to pay the initial partial filing fee generally is not counted as a "strike" under § 1915(g), however.

**NOW, THEREFORE, IT IS ORDERED** that within twenty-one days of the date of this order, the plaintiff shall forward to the clerk of this court the sum of $25.46 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   5th   day of March, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge