# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY SCOTT TENNANT,

        Plaintiff,

  v.                                                Case No. 08-C-148

STATE OF WISCONSIN, et al.,

        Defendant.

## ORDER

        Plaintiff Jeffrey Scott Tennant, who is proceeding pro se, has filed this action seeking relief under 42 U.S.C. § 1983, alleging that his civil rights were violated. Tennant is currently incarcerated at Kenosha County Detention Center, Kenosha, Wisconsin.

        Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $25.46. Upon review of the trust account statement and affidavit, I am satisfied that the plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* will therefore be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007)

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

(citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint).

Tennant has named as defendants in this case the State of Wisconsin, Kenosha County, Bruce E. Schroeder, S. Michael Wilks, Mary K. Wagner, and Robert Zapf, each in their individual and official capacities. However, for the most part his complaint is utterly conclusory, alleging without any explanation that the defendants illegally detained him, tried to coerce him into accepting a plea bargain, and committed perjury. Because Tennant has not set forth any explanation or factual basis for these claims, he has failed to provide fair notice of the grounds upon which they

3

rest, contrary to Rule 8(a)(2). While "[t]he federal rules require . . . only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid," *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002), "[i]t is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct . . . [s]ome factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Accordingly, these claims will be dismissed without prejudice.

Tennant does provide minimal explanation as to his claim that the defendants have denied him due process, alleging that the defendants have failed to respond to documents, such as a request for discovery, which Tennant has filed in another case. However, challenges to the sufficiency of the defendants' responses to Tennant's filings in another case should be raised in that proceeding and do not form the basis of an independent cause of action. *Zigmund v. Tetreault*, 1997 WL 695502, *4 (D. Conn. 1997) ("[T]he plaintiff can state no possible cause of action for the failure to respond to discovery requests filed in another case."); *Marozsan v. U.S.*, 849 F. Supp. 617, 645 (N.D. Ind. 1994) ("There is no recognized civil cause of action for the failure or refusal of a party to provide discovery. Rule 37 of the Federal Rules of Civil Procedure, not a separate lawsuit, represents the proper and available remedy for an adversary's non-compliance with discovery requests.") Therefore, this claim will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's petition to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the jail administrator for the Kenosha County Detention Center or his designee shall collect from the plaintiff's trust account the $324.54 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding

4

payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Tennant's claim that the defendants deprived him of his right to due process by failing to respond to documents he filed in another case is hereby dismissed with prejudice. All other claims are dismissed without prejudice.

**IT IS ORDERED** that the clerk of court shall document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   21st   day of March, 2008.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

5